IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRENDA JO KRCHAK, :
 :
    Plaintiff, :
 :
vs. : CIVIL ACTION 10-0482-M
 :
MICHAEL J. ASTRUE, :
Commission of Social Security, :
 :
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20). Oral argument was heard on April 25, 2011. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative proceedings not inconsistent with the Orders of

1

the Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-nine years old, had completed a high school education (Tr. 34),[1] and had previous work experience as a convenience store cashier, security guard, room attendant, and short order cook (Tr. 52-53). In claiming benefits, Plaintiff alleges disability due to major depression, alcohol dependence by history, personality disorder, Hashimoto's thyroiditis, and degenerative disc disease (Doc. 12 Fact Sheet).

The Plaintiff filed applications for disability benefits

---

[1]**Error! Main Document Only.**Plaintiff testified that she had

and SSI on April 10, 2008 (Tr. 109-16). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Krchak could not return to her past relevant work, there were specific sedentary jobs in the national economy which she could perform (Tr. 15-26). Plaintiff requested review of the hearing decision (Tr. 5-8) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Krchak alleges the single claim that the ALJ failed to pose a complete hypothetical question to the Vocational Expert (hereinafter *VE*) at the evidentiary hearing (Doc. 12). Defendant has responded to—and denies—this claim (Doc. 16).

Plaintiff claims that the ALJ failed to pose a complete hypothetical question to the VE at the evidentiary hearing. The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a VE to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

In his decision, the ALJ found that Krchak had the residual

---

received a Graduate Equivalency Degree (Tr. 40).

functional capacity to perform sedentary work "except that [she] is limited to simple unskilled work requiring no more than simple one step instructions, but will allow for a sit or stand opinion" [sic] (Tr. 22). During the ALJ's questioning of the VE at the evidentiary hearing, the following exchange occurred:

> Q   If we have a hypothetical individual who has the same age, education and work experience as the claimant, and this individual is able to perform light exertion as it's defined in the Dictionary of Occupational Titles, and the individual also has some non-exertional limitations, **can understand, remember and carry out short, simple instructions**, attend for periods of at least two hours, but changes in the work routine should be minimal, and the individual would also need assistance with goal setting and goal planning. Would that individual be able to perform any of these jobs that the claimant has performed?
>
> A   Yes. Yes, your Honor. The past work as a cashier and room attendant would fit those limitations.
>
> Q   All right. Let me have a second hypothetical. Again the hypothetical individual has the same age, education and work experience as the claimant, and I'm going to build on the limitations in number one. It would be the same as number one, but additionally this individual would be able to grip and perform fine manipulation no more than occasionally, and would need a sit/stand option, but would be able to alternate positions and perform for a full eight-hour day. Would there be any of the claimant's past work that that individual

4

could perform?

    A    No, Your Honor.

    Q    Would there be other jobs that this individual could perform?

    A    Yes, sir.

    Q    Would you give me a representative example, please?

    A    Yes, sir. Some examples would be surveillance system monitor, which is classified as DOT code 379.367-010. It would be classified as sedentary, unskilled, SVP of two. There's 102,000 in the nation, 1,950 in the state of Alabama. There'd be a call-out operator, which is DOT code 237.367-014, which is also classified as sedentary and unskilled, and there are 85,000 in the nation, 17,000 – I'm sorry, 1,750 in the state of Alabama.

    Q    All right. If we have a third hypothetical individual, and this individual has the same age, education, and work experience as the claimant, and this individual, I'm going to build on hypothetical number two, has all of those limitations but additionally this individual has pain that would be characterized as moderately severe to severe on occasions such that the pain, when it occurs, would cause the individual to lose concentration, essentially need a break from performing work activities, would there be any jobs for that individual?

    A    No, Your Honor.

    Q    And what would be the reason for that?

A    It would be due to a lack of
            ability to complete tasks in a timely
            fashion, and be productive in the workforce.

(Tr. 54-56) (emphasis added).

The Court finds that Plaintiff is correct in arguing that there are differences in the hypothetical questions posed to the VE and in his ultimate finding.  The first one is that the ALJ queried about an individual capable of performing light work, while finding that Krchak can perform only sedentary work; this difference is of no moment, though, as the VE's responses were for jobs requiring sedentary work, which is what the ALJ ultimately found.

The second difference is that the ALJ's questions involved a person who could "remember and carry out short, simple instructions" (Tr. 54) while his finding was that Plaintiff was "limited to simple unskilled work requiring no more than simple one step instructions" (Tr. 22).  Plaintiff asserts that this inconsistency is not mere harmless error, arguing that the *Dictionary of Occupational Titles* (hereinafter *DOT*) breaks down the reasoning ability requirements of the two jobs and that they demand more of her than she is capable (Doc. 12, pp. 5-8). Defendant, however, argues that the inconsistency between the ALJ's finding and his question to the VE is a distinction

without a difference, asserting that Krchak's arguments are misguided (Doc. 16, pp. 5-8).

Both Plaintiff and Defendant rely on the DOT in making their arguments. The Court, however, will not decide between the two, finding instead that the ALJ's hypothetical questions and the determination rendered are inconsistent with one another. Any conclusion the Court reached concerning the specific of the Parties' arguments would be speculation as to what the ALJ meant. That is not the business of the Court.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's ability to work. Final judgment will be entered by separate Order.

DONE this 25th day of April, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE